**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Palazuelos, | No. CV-23-00478-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| HSGI Incorporated, | |
| Defendant. | |

**IT IS ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a <u>telephonic</u> Scheduling Conference will be held in the above-entitled action on **October 16, 2024, at 1:30 p.m.**, before the Honorable Angela M. Martinez. The parties shall participate in the conference using the following call-in information:

Call-in number: 1-855-244-8681
Access code: 2312 041 2572

The parties are directed to Rules 16 and 26 of the Federal Rules of Civil Procedure and this Order for the objectives of the Conference. At least one of the attorneys for each party attending the Conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

**IT IS FURTHER ORDERED** that, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel are directed to confer as soon as practicable prior to the Conference scheduled herein to discuss the following matters:

1. Any matters relating to jurisdiction, venue, or the joinder of additional parties;
2. The nature and basis of each parties' claims and defenses;

3. The possibility for a prompt settlement or resolution of the case;

4. The scope of discovery and possible limitations thereof. *See* Fed. R. Civ. P. 26(b)(2). Counsel are expected to discuss any issues about preserving discoverable information and develop a proposed discovery plan. Counsel must comply with Rule 26(b) and (f) and seek to minimize the expense of discovery. Counsel are expected to discuss and develop a plan for any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. Also, counsel shall make any necessary agreements regarding how to handle claims of privilege or claims of protection for trial-preparation materials;

5. A schedule for all pre-trial proceedings and the modification of any pre-trial procedures due to the simplicity or complexity of the case; and

6. Any other matters that counsel feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that the parties shall complete their initial disclosures on or before **October 9, 2024**. The parties shall file with the Clerk of Court a Notice of Initial Disclosure, rather than copies of the actual disclosure.

**IT IS FURTHER ORDERED** that the parties shall prepare a Joint Case Management Plan reflecting the results of their discussion and file it with the Court on or before **October 9, 2024**. The Plan shall include individually numbered brief statements indicating:

1. The name and phone number of each attorney that will be appearing at the conference.

2. The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiffs' claims and Defendants' defenses;

3. A list of the elements of proof necessary for each count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of elements of proof must contain citations to relevant legal authority (i.e., United States statutory

and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals cases, Arizona State case and statutory law, or other authority as dictated by the conflicts of law rules);

4. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

5. The jurisdictional basis of the case, citing specific statutes;

6. The parties, if any, that have not been served, as well as parties that have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party that has not been served, or a motion seeking default on any non-appearing party;

7. The names of parties not subject to the Court's jurisdiction;

8. The status of related cases pending before other judges of this Court or other courts and whether it is appropriate for any matters to be consolidated pursuant to LRCiv 42.1(a);

9. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;

10. Whether the case is suitable for reference to arbitration, to a master, or to a magistrate judge for trial;

11. The prospects for settlement, specifically addressing the parties' wishes to have a settlement conference with another magistrate judge and any other way the Court can facilitate settlement;

12. Any unusual, difficult, or complex problems affecting the conduct of the case, or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2;

13. Suggested changes, if any, in the limitations on discovery imposed by Federal Rule of Civil Procedure 26(b)(2);

14. The extent and nature of discovery, and whether discovery should be conducted in

phases or limited to or focused upon particular issues;

15. A discussion of any issues related to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced;

16. A discussion of any issues relating to claims of privilege or work product;

17. Proposed deadlines for:

    a. Filing motions to amend the complaint and to join additional parties;

    b. Completing discovery (if the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary);

    c. Filing dispositive motions;

    d. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Federal Rule of Civil Procedure Rule 26(a)(2) and (3);

    e. Disclosure of fact witnesses; and

    f. Filing pretrial statement;

18. Whether a jury trial has been requested and whether the request is contested;

19. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening trial; and

20. Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the pretrial statement. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order.

**IT IS FURTHER ORDERED** that all parties are expected to comply with Federal Rule of Civil Procedure 26 and to minimize the expense of discovery. Counsel should

ensure that all pleadings comply with LRCiv 7.1 and 7.2. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced. This Court views this Scheduling Conference as critical to its case management responsibilities and the parties' responsibilities under Federal Rule of Civil Procedure 1.

Dated this 28th day of August, 2024.

_____
Honorable Angela M. Martinez
United States District Judge